# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JAMES MITCHELL, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LULA MITCHELL, LARRY JOHNSON, JOYCE JOHNSON, THELMA PETTY-COSEY, SARAH ROBERSON, MAURICE WILLIAMS, TELECIA HARDY, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, and ESURANCE INSURANCE COMPANY, <br><br> Defendants. | Jury Demand <br><br> Court File No. 2:21-cv-00347-TFM-B |

## PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs James Mitchell, as Personal Representative of the Estate of Lula Mitchell, Larry Johnson, Joyce Johnson, Thelma Petty-Cosey, Sarah Roberson, Maurice Williams, and Telecia Hardy, individually and on behalf of the Settlement Class as defined herein (collectively "Plaintiffs"), respectfully move for an order preliminarily approving a settlement agreement in accordance with the terms and conditions set forth in the proposed preliminary approval order, attached as **Exhibit 1** to the Stipulation and Settlement Agreement filed concurrently herewith.[1]

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Settlement Agreement, attached as **Exhibit 1** to the Motion.

Defendants Allstate Vehicle and Property Insurance Company, Allstate Insurance Company, and Esurance Insurance Company (collectively "Defendants") will not oppose this motion for approval of a settlement.[2]

In support of their motion, Plaintiffs state and show as follows:

1. Pursuant to the 2018 amendments to Rule 23(e)(1)(B), a proposed settlement agreement should be preliminarily approved so long as the moving parties demonstrate that the court will "likely be able to" grant final approval to the settlement. These amendments codify existing practice.

2. Pursuant to Rule 23(e)(3), Plaintiffs state that the only agreement at issue is the Class Action Settlement Agreement ("Settlement" or "SA") attached hereto as **Exhibit 1**.

3. Under Rule 23(e)(2), a proposed settlement can be approved based upon adequacy of representation considerations, the existence of arms-length negotiations and the terms of the settlement in the context of adequacy, the risks of the litigation, fairness to the putative class amongst themselves and in terms of distribution of class member claims and in terms of the attorneys' fees. These factors largely mirror the factors analyzed by the Eleventh Circuit. *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1273 (11th Cir. 2021); *Swaney v. Regions Bank*, 2020 WL 3064945, at *3 (N.D. Ala. June 9, 2020); *Family Med. Pharm., LLC v. Trxade Gr., Inc.*, 2017 WL 1042079, at *5 (S.D. Ala. Mar. 17, 2017).

4. As more fully set forth in the accompanying Memorandum and supporting Declarations, the Settlement is appropriate for preliminary approval. The Settlement Class is defined as:

---

[2] As Paragraphs 1.13 and 15.1 of the Settlement make clear, however, Defendants deny liability and, absent settlement, intend to contest each and every claim and cause of action, including whether any aspect of this lawsuit is appropriate for certification as a litigation class.

> All policyholders (except for those explicitly excluded below) insured under any property insurance policy issued by Allstate,[3] who made: (i) a Structural Loss claim for property located in the State of Alabama during the Class Period; (ii) where Allstate issued payment based on an Xactimate® estimate; and (iii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld.
>
> The Settlement Class does not include: (1) policyholders whose claims arose under labor permissive policy forms, i.e., those forms and endorsements expressly permitting the "depreciation" of "labor" within the text of the policy form; (2) policyholders who received one or more ACV Payments for a claim that exhausted the applicable limits of insurance; (3) policyholders whose claims were denied or abandoned without an ACV Payment; (4) Allstate and its officers and directors; (5) members of the judiciary and their staff to whom this Action is assigned and their immediate families; and (6) Class Counsel and their immediate families.

SA ¶¶ 2.31-2.32.

    5.    In summary, the Settlement provides the following relief:

> Subject to the terms, limits, conditions, coverage limits, and deductibles of policies, Claim Settlement Payments to Class Members who timely file valid and completed Claim Forms by the Claims Deadline shall be equal to 80% of the net estimated Nonmaterial Depreciation that was withheld from ACV Payments and not subsequently paid, determined as described herein, plus simple interest at the rate of 5% annually from the date of the initial ACV Payment through the Settlement's Effective Date.
>
> For Class Members for whom all Nonmaterial Depreciation that was withheld from ACV Payments was subsequently paid, payment shall be according to the below schedule:

---

[3] "Allstate" means Defendant Allstate Vehicle and Property Insurance Company, Defendant Allstate Insurance Company, Defendant Esurance Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty Insurance Company, Encompass Home and Auto Insurance Company, Encompass Insurance Company of America, Encompass Property and Casualty Company, Encompass Indemnity Company, and North Light Specialty Insurance Company. SA ¶ 2.5.

| Amount of nonmaterial released depreciation: | Settlement Payment |
|---|---|
| $1 - $2,500 | $10.00 |
| $2,501 - $5,000 | $20.00 |
| $5,001 - $7,500 | $30.00 |
| $7,501 - $10,000 | $40.00 |
| $10,001 - $15,000 | $60.00 |
| $15,001 - $20,000 | $80.00 |
| $20,001 - $30,000 | $120.00 |
| $30,001 - $40,000 | $160.00 |
| $40,001 - $50,000 | $200.00 |
| $50,001 - $60,000 | $240.00 |
| $60,001 - $70,000 | $280.00 |
| $70,001 - $80,000 | $320.00 |
| Greater than $80,000 | $360.00 |

The amount of any attorneys' fees, costs, and expenses awarded by this Court will not reduce the award to any Class Member under this Settlement. SA ¶¶ 13.1.

6. The proposed settlement classes do not include any policyholder that is ineligible for a payment under this Settlement Agreement. In exchange for payment, the class members will release claims limited to the subject matter of this lawsuit (*i.e.*, the applicable Xactimate® depreciation option settings and the systemic practice of withholding of nonmaterial depreciation on structural damage claims) and without giving up any claims or arguments unrelated to the subject matter of this lawsuit. All unrelated matters will continue to be adjusted and handled by Allstate in the ordinary course. SA ¶¶ 9.1-9.5.

7. The proposed settlement was reached through arms-length settlement negotiations, as attested to by Class Counsel in the accompanying Declarations, attached hereto as follows:

**Exhibit 2** – December 15, 2022 Declaration of Erik D. Peterson

**Exhibit 3** – December 15, 2022 Declaration of J. Brandon McWherter

**Exhibit 4** – December 15, 2022 Declaration of T. Joseph Snodgrass

4

WHEREFORE, for these reasons and those set forth in the accompanying Memorandum of Law and accompany Declarations of Class Counsel, Plaintiffs respectfully move for an order consistent with the proposed preliminary approval order attached as **Exhibit A** to the Class Action Stipulation of Settlement Agreement, filed concurrently herewith.

Dated:  December 15, 2022               Respectfully submitted,

**ERIK PETERSON LAW OFFICES, PSC**

By: *s/ Erik D. Peterson*
ERIK D. PETERSON (admitted *pro hac vice*)
249 East Main Street, Suite 150
Lexington, KY 40507
(800) 614-1957
erik@eplo.law

J. BRANDON McWHERTER - #21600
McWHERTER SCOTT BOBBITT PLC
341 Cool Springs Blvd, Suite 230
Franklin, TN 37067
(615) 354-1144
brandon@msb.law

T. JOSEPH SNODGRASS (admitted *pro hac vice*)
SNODGRASS LAW LLC
100 South Fifth Street
Suite 800
Minneapolis, MN 55402
(612) 448-2600
jsnodgrass@snodgrass-law.com

**Counsel for Plaintiffs and Putative Class Representatives**

## CERTIFICATE OF SERVICE

    I hereby certify that on December 15, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to counsel of record.

*s/ Erik D. Peterson*