# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JAMES MITCHELL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 2:21-cv-347-TFM-B |
| ) | |
| ALLSTATE VEHICLE AND ) | |
| PROPERTY INSURANCE COMPANY, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. 56, filed 7/17/23), accompanied by the brief in support (Doc. 57). Also before the Court is a Motion for Attorneys' Fees, Litigation Costs, and Request for Service Awards pursuant to Federal Rule of Civil Procedure 23(e)(2). *See* Doc. 54. James Mitchell, as Personal Representative of the Estate of Lula Mitchell, Larry Johnson, Joyce Johnson, Thelma Petty-Cosey, Sarah Roberson, Maurice Williams, and Telecia Hardy, individually and on behalf of the Settlement Class (collectively "Plaintiffs" or "Representative Plaintiffs") and Defendants Allstate Vehicle and Property Insurance Company, Allstate Insurance Company, and Esurance Insurance Company (collectively "Defendants"), individually and on behalf of themselves and certain Allstate-affiliated entities identified herein, agreed to settle this Action pursuant to the terms and conditions set forth in the Class Action Stipulation of Settlement Agreement ("Agreement").[1]

On March 7, 2023, the Court granted preliminary approval of the proposed class action settlement set forth in the Agreement and provisionally certified the Settlement Class for

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the parties' Agreement.

settlement purposes only, and on July 24, 2023, the Court held a duly noticed final approval hearing.

The Court has considered the Eleventh Circuit's seven factors for evaluation of a class action settlement and all the Rule 23(e)(2) factors application to the potential approval of the Settlement. The Court independently evaluated the Court record, the Settlement, the Motions, and the responses and lack of responses to the class notice by the class members. The Court finds and holds as follows:

## FINDINGS OF FACT

1. Plaintiffs filed the Complaint, alleging that Defendants violated applicable law and breached their insurance contracts by improperly deducting Nonmaterial Depreciation from actual cash value payments when adjusting Structural Loss Claims under Alabama property insurance policies. Defendants have denied, and still deny, any liability, wrongdoing, and damages with respect to the matters alleged in the Complaint.

2. After litigation between the Parties and arms-length negotiations between Class Counsel and Defendants' Counsel, Plaintiffs and Defendants reach a settlement on behalf of a class of policyholders of the Defendants and "Allstate,"[2] that provides substantial benefits to the Settlement Class, in return for a release and dismissal of claims against Allstate. The Settlement was reached after the Parties had engaged in extensive and lengthy negotiations, and in accordance with the highest ethical standards for class action settlement negotiations, settlement relief to the class members was agreed to prior to negotiations concerning any potential award of attorneys' fees, litigation expenses, or service awards. During the settlement negotiations, Class Counsel was

---

[2] In addition to Defendants, "Allstate" also includes Allstate Indemnity Company, Allstate Property and Casualty Insurance Company, Encompass Home and Auto Insurance Company, Encompass Insurance Company of America, Encompass Property and Casualty Company, Encompass Indemnity Company, and North Light Specialty Insurance Company.

well-positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of law and fact.

3.  Plaintiffs and Allstate executed the Agreement and exhibits thereto on December 15, 2022. *See* Doc. 50-1.

4.  The Agreement is hereby incorporated by reference in this Final Judgment Order, and the definitions and terms set forth in the Agreement are hereby adopted and incorporated into and will have the same meanings in this Final Judgment Order.

5.  On December 15, 2022, Plaintiff filed with the Court the Agreement along with an Unopposed Motion for Preliminary Approval of Class Settlement.

6.  On March 7, 2023, the Court, entered the Preliminary Approval Order, preliminarily approving the Agreement, preliminarily certifying the Settlement Class for settlement purposes only, and scheduling a hearing for July 24, 2023 at 9:00 a.m. to consider final approval of the Proposed Settlement and other actions described in the Preliminary Approval Order ("Final Approval Hearing"). *See* Doc. 52.

7.  As part of its Preliminary Approval Order, the Court certified for settlement purposes a class ("Settlement Class") defined as:

> All policyholders, (except for those explicitly excluded below), insured under any property insurance policy issued by Allstate, who made, who made: (i) a Structural Loss claim for property located in the State of Alabama during the Class Period (August 3, 2015 through the time of Class Notice); (ii) where Allstate issued payment based on an Xactimate® estimate; and (iii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld.
>
> The Settlement Class does not include: (i) policyholders whose claims arose under labor permissive policy forms, i.e., those forms and endorsements expressly permitting the "depreciation" of "labor" within the text of the policy form (ii) policyholders who received one or more ACV Payments for a claim that exhausted the applicable limits of insurance; (iii) policyholders whose claims were denied or abandoned without an ACV Payment; (iv)

Allstate and its officers and directors; (v) members of the judiciary and their staff to whom this Action is assigned and their immediate families; and (vi) Class Counsel and their immediate families.

8. On July 17, 2023, Plaintiffs applied to the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Judgment Order. In support, Plaintiffs submitted extensive argument and authority, along with various exhibits and evidence showing, *inter alia*: the dissemination and adequacy of the Class Notice, Claim Form, and Postcard Notice; the establishment of an automated Toll-free Number and Settlement Website; the names of potential Class Members who, per the terms of the Agreement, submitted a timely and proper request for exclusion from the Settlement Class; the negotiation of the Agreement; and the fairness, reasonableness, and adequacy of the Agreement.

9. In addition, on June 12, 2023, Class Counsel submitted their Unopposed Motion for Attorneys' Fees, Litigation Costs, and Expenses and Request for Service Awards, which included evidence as to the fairness and reasonableness of those requests, as well as extensive argument and authority. Doc. 54.

10. At the Final Approval Hearing, Plaintiffs offered the following evidence in support of her motion concerning attorneys' fees, costs, and a service award:

| **Exhibit No.** | **Description** |
|---|---|
| 1 | Declaration of Erik D. Peterson |
| 2 | Declaration of J. Brandon McWherter |
| 3 | Declaration of T. Joseph Snodgrass |

The Court admitted Plaintiffs' Exhibits 1 through 3 into evidence for all purposes. The Court also admits the Declaration of Geary R. Godfrey Regarding Settlement Administration. Doc. 58.

Geary Godfrey is the Project Manager of Epiq Class Action and Claims Solutions, Inc., which served as the Administrator in this litigation.

11. Plaintiffs and the Administrator have satisfactorily demonstrated that the Class Notice, Claim Form, and Postcard Notice were mailed, and an automated Toll-free Number and Settlement Website were established in accordance with the Agreement and Preliminary Approval Order.

12. The Court further finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, have been sent and that Allstate has fully complied with such notice requirements.

13. The Settlement provides substantial monetary benefits to Class Members who timely submit completed Claim Forms. In addition, Allstate has agreed to fund the costs of notice and settlement administration. The claims procedure established under the Agreement is uniform and fair, and provides Class Members with an extended and ample opportunity to receive settlement payments as described in the Agreement.

14. All potential Class Members were provided an opportunity to request exclusion as provided in the Agreement. The Court finds that the individual interests of those Class Members who timely sought exclusion from the Settlement Class are preserved and that no Class Member was precluded from being excluded from the Settlement Class if he or she so desired. Those Class Members who timely and properly excluded themselves from the Settlement Class are identified in the attached **Exhibit 1**.

15. Class Members who did not timely file and serve a written objection in accordance with the procedure set forth in the Agreement and mandated in the Preliminary Approval Order, are deemed to have waived any such objection though any appeal, collateral attack, or otherwise.

16. At the Final Approval Hearing, the Court considered, among other matters described herein: (a) whether certification of the Settlement Class for settlement purposes only was appropriate under Rule 23; (b) the fairness, reasonableness and the adequacy of the Agreement; and (c) the fairness and reasonableness of Class Counsel's Motion for Attorneys' Fees, Litigation Costs, and Expenses and Request for Service Award. The Court independently evaluated not only the pleadings, evidence, and arguments of Class Counsel and Defendants' Counsel, but also rigorously and independently evaluated the Agreement and the Memoranda, and as such, the Court considered any arguments that could reasonably be made against approval of the Proposed Settlement, even if such argument was not actually presented to the Court by objection, pleading, or oral argument. Additionally, the Court considered the objection filed by Melvin and Sandra Satcher.

17. On the basis of the matters presented in this Action and the provisions of the Agreement, the Court is of the opinion that the Proposed Settlement is a fair, reasonable and adequate compromise of the claims against Defendants, pursuant to Rule 23. In considering a number of factors, the Court finds that:

    (a) The liability issues in this Action and the suitability of this Action for certification of a litigation class have been vigorously contested, particularly with respect to litigation manageability requirements;

    (b) This Proposed Settlement has the benefit of providing substantial benefits to Class Members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the Parties;

    (c) The Proposed Settlement is clearly a byproduct of adversary litigation between the Parties and arms-length negotiation, and not a result of any collusion on the part of Class Counsel and Allstate; and

    (d) Class Counsel's request for an award of fees and reimbursement of expenses is reasonable, fair, and in all respects consistent with the terms of the Agreement.

Therefore, on the basis of the foregoing findings of fact and the oral findings of fact articulated at the Final Approval Hearing referenced herein, the Court hereby makes the following conclusions of law:

## CONCLUSIONS OF LAW

18.     The Court has personal jurisdiction over Plaintiffs, Allstate, and Class Members; venue is proper, because the underlying claims arose in this District, and the Court has subject matter jurisdiction, including without limitation, jurisdiction to approve the Agreement, to grant final certification of the Settlement Class, to settle and release all claims arising out of Action, and to enter this Final Judgment Order and dismiss this Action on the merits and with prejudice, pursuant to 28 U.S.C. § 1332(d)(2).

19.     The Court concludes that the Settlement Class meets all the requirements of Rule 23, the Due Process Clause of the United States Constitution, and all other applicable rules and law, and the Settlement Class this Court previously preliminarily certified in its Preliminary Approval Order is hereby finally certified as a settlement class action.  In connection with the class certification ruling, the Court specifically finds as follows: the Class Members are ascertainable and too numerous to be joined; questions of law and fact are common to all Class Members; the Representative Plaintiffs' claims are typical of those of the Settlement Class; the Representative Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class for the purposes of entering into and implementing the Proposed Settlement; and Class Counsel meets the standard for appointment.

20.     The Court further finds that Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class for the purposes of

entering into and implementing the Agreement, as required by Rule 23(a)(4), and Class Counsel meets the standard for appointment set forth in Rule 23(g)(1) and (4).

21. Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Class Notice, Claim Form, and Postcard Notice were mailed to potential Class Members in accordance with the provisions of the Preliminary Approval Order, and together with the automated Toll-free Number and the Settlement Website: (i) constituted, under the circumstances, the most effective and practicable notice of the pendency of the Action, this Agreement, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) meets the requirements of Rule 23, the Due Process Clause of the United States Constitution, and any other applicable rules or law.

22. The Final Approval Hearing and evidence before the Court clearly support a finding that the Agreement was entered into in good faith after arm's length negotiations between Plaintiffs and Allstate, and the Court does hereby so find.

23. The Court finds that approval of the Agreement and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Agreement is fair, reasonable, and adequate as to, and in the best interests of, members of the Settlement Class based on discovery, due diligence, and the absence of material objections sufficient to deny approval.

24. A review of the following factors supports a finding that the Settlement is fair, reasonable and adequate:

    a. The likelihood of success at trial;

    b. The range of possible recovery;

    c.    The range of possible recovery at which a settlement is fair, adequate, and reasonable;

    d.    The anticipated complexity, expense, and duration of litigation;

    e.    The opposition to the settlement; and

    f.    The stage of the proceedings at which the settlement was achieved.

*Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011).

25. The notice campaign was highly successful and resulted in notice being mailed to over 18,569 potential Class Members; only 10 Persons requested exclusion from the Settlement Class and 2 Class Members filed objections to the Agreement through a single objection. The objectors were pro se and were not present at the final approval hearing. The relative lack of exclusion requests and opposition by a well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Settlement.

26. The Court, in evaluating the fairness, reasonableness, and adequacy of the Settlement, considered all objections that were filed or that could have been raised by any Class Member. After considering all possible objections, the Court finds that the Agreement and Proposed Settlement are fair, reasonable, and adequate under federal law and the *Faught* factors.

27. The claim process as set forth in the Agreement is fair, reasonable, and adequate to Class Members. Any Class Member who did not timely request exclusion from the Settlement Class in accordance with the Agreement is forever barred from asserting a Released Claim against a Released Person in any other action or proceeding.

28. Only after the negotiated settlement did the Parties negotiate potential attorneys' fees, costs, and service awards. State Farm's payments to Class Members will not be reduced by the separate amounts paid for attorneys' fees and litigation costs. Instead, the attorneys' fees,

costs, and expenses will be paid "over and above" the amounts paid to class members. *See, e.g.*, *Carroll v. Macy's, Inc.*, Civ. Act. No. 2:18-CV-01060-RDP, 2020 WL 3037067, at *9, 2020 U.S. Dist. LEXIS 99033, at *22–23, (N.D. Ala. June 5, 2020) (approving fees "paid on top of (that is, above and beyond) the fund set up for the Settlement Class").

29. "In considering a fee award in the class action context, the district court has a significant supervisory role." *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1293 (11th Cir. 1999). Courts are given "great latitude in formulating attorney's fees awards subject only to the necessity of explaining its reasoning." *Id.* (internal quotation omitted). "The court's order on attorney's fees must allow for meaningful review – the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988).

30. Class Counsels' requests for no more than $3,950,000 in attorneys' fees, expenses, and costs, are fair and reasonable under the circumstances. *Faught*, 668 F.3d at 1242-43; *Drazen v. GoDaddy.com, LLC*, 2020 WL 4606979, at *2-5 (S.D. Ala. Aug. 11, 2020).

31. Specifically, in the case at hand, Class Counsel spent considerable time and labor prosecuting and ultimately settling the case over the course of several years. The complexity of the litigation supports the fee, as settlement was not reached until after Class Counsel conducted extensive case analysis, engaged in discovery and data analysis, and briefed various motions including a motion to certify a question to the Alabama Supreme Court and a motion to dismiss. Class Counsel has skill and experience in class action litigation, specifically against large insurance companies. Class Counsel was able to obtain an extraordinary settlement for Class Members. Class Counsel assumed a considerable risk to pursue this case on a pure contingency basis, and were precluded from other employment as a result. Finally, the reaction of the Class

Members supports the award of the fee, as there have been no objections to Class Counsel's fee request.[3] *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (describing twelve factors to be used in determining the reasonableness of the requested fees);[4] *see also Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348 (11th Cir. 2008) (citing the *Johnson* factors).

32.     Finally, Class Counsels' requests for service awards to the Representative Plaintiffs of no more than $7,500 per claim, to be paid by Allstate, likewise are fair and reasonable under the circumstances. *Faught*, 668 F.3d at 1242-43; *Drazen*, 2020 WL 4606979, at *2-5.

33.     The Court notes some contradictory legal authority based on the recent holdings in *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020). Specifically, *Johnson* held that awards that compensate a class representative for his time are prohibited. *See Johnson*, 975 F.3d at 1260. However, *Johnson* was in the context of federal claims brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227. *Id.* at 1249. Following *Johnson*, a number of district courts in the Eleventh Circuit have found class representative service awards are still permitted under certain circumstances. The Court agrees with its several sister courts in this Circuit that *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020), is inapplicable in diversity jurisdiction cases where the underlying claims arise under state law. *See Venerus v. Avis Budget Car Rental, LLC*, Civ. Act. No. 6:13-cv-921-CEM-RMN, 2023 U.S. Dist. LEXIS 89905 (M.D. Fla. May 23, 2023), *report and recommendation adopted*, 2023 WL 4673481, 2023 U.S. Dist. LEXIS 91907 (M.D. Fla. May 25, 2023) (finding that *Johnson* is inapplicable because under the *Erie* doctrine, substantive state law applied to the diversity action and state law permitted class

---

[3] While one objection to the settlement was filed, it did not identify any objection to Class Counsel's fee award request.

[4] The Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit that were decided prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

representative service awards); *Junior v. Infinity Ins. Co.*, Civ. Act. No. 6:18-cv-1598-WWB-EJK, 2022 U.S. Dist. LEXIS 154082 (M.D. Fla. Aug. 26, 2022) (same); *Roth v. GEICO Gen. Ins. Co.*, Civ. Act. No. 16-62942, 2020 WL 10818393, 2020 U.S. Dist. LEXIS 188204 (S.D. Fla. Oct. 8, 2020) (same); *South v. Progressive Select Ins. Co.*, Civ. Act. No. 19-21760, 2023 U.S. Dist. LEXIS 58227 (S.D. Fla. Mar. 31, 2023) (same).  Here, the Court is sitting in diversity jurisdiction and the Plaintiffs' claims arise under Alabama state law.  Thus, under the *Erie* doctrine, state law determines whether service awards for class representatives are permitted.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817. 82 L. Ed. 1188 (1938) (holding that federal courts sitting in diversity must apply substantive state law and federal procedural law); *see also Chieftain Royalty Co. v. Enervest Energy Inst. Fund XIII-A, L.P.*, 888 F.3d 455, 468 (10th Cir. 2017) (noting that when analyzing a service award in a diversity action, "*Erie* requires us to apply Oklahoma law."). Alabama law permits service awards for class representatives in class actions.  *See, e.g.*, *Perdue v. Green*, 127 So.3d 343, 402-03, 406 (Ala. 2012) (affirming order approving class action settlement which included a service award to each class representative and noting that "[s]uch awards are commonplace in class action cases.").  Thus, because the underlying claims in this action arise out of state law, the Court finds that class representative service awards are permitted here.

**IT IS ORDERED, ADJUDGED AND DECREED THAT:**

34.     The objection to the Agreement filed by Melvin and Sandra Satcher is hereby overruled.

35.     Pursuant to Rule 23 final certification of the Settlement Class is confirmed for the purpose of the Settlement, in accordance with the Agreement.

36.     Timely requests for exclusion were submitted by 10 potential members of the Settlement Class and those potential Class Members, (identified in **Exhibit 1** hereto), are excluded

from the Settlement Class. All other potential members of the Settlement Class are adjudged to be members of the Settlement Class and are bound by this Final Judgment Order and by the Agreement, including the releases provided for in the Agreement and this Final Judgment Order.

37. Plaintiffs' Motion for Final Approval (Doc. 56) is hereby **GRANTED** and all provisions and terms of the Agreement are hereby finally approved in all respects. The Parties to the Agreement are directed to consummate the Agreement in accordance with its terms, as may be modified by subsequent orders of this Court.

38. This Final Judgment Order shall be immediately entered as to all claims in the Action between the Representative Plaintiffs and Class Members and Allstate, and Final Judgment is entered approving and adopting all terms and conditions of the Settlement and the Agreement, fully and finally terminating all claims of the Representative Plaintiffs and the Settlement Class in this Action against Allstate, on the merits, with prejudice, and without leave to amend.

39. The Court expressly determines that there is no just reason for delay in entering the Final Judgment Order.

40. Pursuant to Rule 23(a) and (g), Plaintiffs James Mitchell, as Personal Representative of the Estate of Lula Mitchell, Larry Johnson, Joyce Johnson, Thelma Petty-Cosey, Sarah Roberson, Maurice Williams, and Telecia Hardy are appointed as the Representative Plaintiffs for the Settlement Class, and the following counsel are appointed as counsel for the Settlement Class ("Class Counsel"):

Erik D. Peterson
ERIK PETERSON LAW OFFICES, PSC
110 W. Vine St., Suite 300
Lexington, KY 40507
Telephone:  800-614-1957
erik@eplo.law

James Brandon McWherter
MCWHERTER SCOTT BOBBITT PLC
341 Cool Springs Blvd., Suite 230
Franklin, TN 37067
Telephone:  615-354-1144
Facsimile:  731-664-1540
brandon@msb.law

T. Joseph Snodgrass
SNODGRASS LAW, LLC
100 South Fifth Street, Suite 800
Minneapolis, MN 55402
(612) 339-1421
jsnodgrass@snodgrass-law.com

      41.      Upon the entry of this Final Judgment Order, the Representative Plaintiffs, all Class Members who did not timely and property exclude themselves from the Settlement Class, and all of their heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf, will be bound by this Final Judgment Order and shall be conclusively deemed to have fully released, acquitted and forever discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims, all as defined herein and in the Agreement, and shall be conclusively bound by this Final Judgment Order under the doctrines of res judicata, collateral estoppel, and claim and issue preclusion, and agree not to sue any Released Person with respect to any Released Claims. The Representative Plaintiffs and all Class Members who did not timely and properly exclude themselves from the Settlement Class shall be deemed to agree and acknowledge that the foregoing releases were bargained for and are a material part of the Agreement.  The Agreement shall be the exclusive remedy for all Class Members with regards to Released Claims.

      42.      Although the definitions in the Agreement are incorporated in and are part of this Final Judgment Order the following definitions from the Agreement are repeated for ease of reference:

      (a)      "Released Claims" means and includes any and all claims, Unknown Claims, rights, demands, actions, causes of action, allegations suits, debts, sums of money, payments, obligations, reckonings, promises, damages, interest, penalties, attorneys' fees and costs, liens, and judgments, of any kind whatsoever that each Releasing Person has or may have had prior to the Effective Date and arising from a loss during the Class Period, whether *ex contractu* or *ex delicto*, debts, liens,

contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual, punitive, or/and exemplary damages), and whether arising under or based on contract, extra-contractual or tort theories, at law or in equity, or under federal, state, or local law, statute, ordinance, rule or regulation, whether asserted individually or in a representative capacity, whether past or present, mature or not yet mature, known or unknown, that the Plaintiff or any Class Members have or may have had against any of the Released Persons that relate to, concern, arise from, or pertain in any way to: (i) Nonmaterial Depreciation (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of Nonmaterial Depreciation) in the adjustment and/or payment of any Covered Loss; or (ii) the allegations and claims contained in the Complaint in the Action, and/or which could have been alleged in the Amended Complaint, concerning the alleged systematic practice of deducting Nonmaterial Depreciation through the use of estimating software. Released Claims do not include: (a) claims arising after the Effective Date; (b) Class Members' rights and obligations under this Agreement; (c) the rights of potential Class Members who timely and properly submit a request for exclusion from the Settlement Class in accordance with this Agreement; and (d) any Class Member from recovering any replacement cost benefits (exclusive of Nonmaterial Depreciation addressed in Sections 9.1.1 and 9.1.2 of the Agreement that has been paid) that may still remain available under the terms of his or her policy.

(b) "Released Persons" means (i) Allstate and all of its past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; and (ii) all past and present officers, directors, shareholders, agents, attorneys, employees, stockholders, successors, assigns, independent contractors, and legal representatives of the entities set forth in (i).

(c) "Releasing Persons" mean Plaintiffs and all Class Members who do not properly and timely opt out of the Settlement Class, and their respective spouses or domestic partners, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf.

43. In order to protect the continuing jurisdiction of the Court and to protect and effectuate this Final Judgment Order, the Court permanently and forever bars and enjoins the Representative Plaintiffs and all Class Members, and anyone acting or purporting to act on their behalf, from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released

Claims. Any person in contempt of the injunction under this paragraph may be subject to sanctions, including payment of reasonable attorneys' fees incurred to seek enforcement of the injunction.

44.   This Final Judgment Order, the Agreement, the negotiations leading to the Settlement, administration of the Settlement, and any pleadings, motions or other documents specifically related to the Agreement shall not be: (a) construed as an admission or concession by Allstate of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind on the part of Allstate; (b) offered into evidence in this Action in support of or in opposition to any potential motion to certify or decertify; and (c) used in any way as precedent for any purportedly similar matter.

45.   Nothing in the foregoing paragraph, however, shall prohibit the offering or receipt of the Agreement into evidence for purposes of enforcing the Settlement or to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion.

46.   Confidential Information of Allstate shall be protected from disclosure and handled in accordance with the terms of the Agreement, and Class Counsel and any other attorneys for Plaintiff in this Action shall destroy or return to Defendants' Counsel all Confidential Information, in their possession, custody, or control as set forth in the Agreement.

47.   Class Counsel's Motion for Attorneys' Fees, Litigation Costs, and Expenses and Request for Service Awards (Doc. No. 54) is hereby **GRANTED**.  Pursuant to Rule 23(h), the Court awards Class Counsel $3,950,000.00 in attorneys' fees, litigation expenses, and costs. In addition, the Court awards Plaintiffs service awards of $7,500.00 per claim.  The Court hereby finds that these amounts are fair and reasonable and directs that Allstate shall pay such amounts pursuant to the terms of the Agreement. Allstate shall not be responsible for and shall not be liable

with respect to the allocation among Class Counsel or any other person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

48. Claim Settlement Payments to Class Members who timely file a completed Claim Form shall be made in the amounts, within the time period, and in the manner described in the Agreement.

49. The Court appoints George M. Van Tassel, Jr. as the Neutral Evaluator to carry out the duties and responsibilities set forth in the Agreement. Plaintiffs, Class Counsel, Allstate, and Defendants' Counsel shall not be liable for any act or omission of the Neutral Evaluator.

50. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to implement any of the provisions of the Agreement.

51. The Action is **DISMISSED** in its entirety on the merits, **with prejudice**, without leave to amend, and without fees or costs to any party, except as otherwise provided herein.

52. Without in any way affecting the finality of this Final Judgment Order, this Court shall retain continuing jurisdiction over this Action for purposes of:

(a) Enforcing the Agreement and the Proposed Settlement; and

(b) Any other matters related or ancillary to any of the foregoing.

**DONE** and **ORDERED** this 3rd day of August, 2023.

/s/ Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES DISTRICT JUDGE